UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRO GONZALEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, NA, THE BOARD OF DIRECTORS OF JPMORGAN CHASE BANK, NA, JPMORGAN CHASE U.S. BENEFITS EXECUTIVE, THE SELECTION COMMITTEE, THE EMPLOYEE PLANS INVESTMENT COMMITTEE, <br><br> Defendants. | Case No. 2:25-cv-01889-WJM-JRA <br><br> **OPINION GRANTING DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS** |

### WILLIAM J. MARTINI, U.S.D.J.

Plaintiff Alexandro Gonzalez ("Plaintiff") brings a putative class action against JPMorgan Chase Bank, N.A., and its affiliates and individuals responsible for administering its retirement plans (collectively "Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff alleges that Defendants breached their fiduciary duties of prudence and monitoring. This matter is now before the Court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 11 ("MTD" or "Motion"). In support of Defendants' Motion, the Stable Value Investment Association and the Chamber of Commerce of the United States of America filed a Motion for Leave to File a Brief as *Amici Curiae*. ECF No. 16. The Court decides the matters without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, Defendants' Motion to Dismiss for lack of subject-matter jurisdiction is **GRANTED**, and the remainder of the Motion is **DENIED** as moot. Because the Court does not reach the merits, the Court **DENIES** the Motion for Leave to File a Brief as *Amici Curiae*.

### I. BACKGROUND

Plaintiff was a participant in the JPMorgan Chase 401(k) Savings Plan (the "Plan"). ECF No. 1 ("Complaint") ¶¶ 1, 25-26. On January 19, 2025, Plaintiff entered into a

1

Confidential Negotiated Settlement Agreement & General Release (the "Agreement").[1] ECF No. 11-1. In exchange for $▮▮▮▮, Plaintiff agreed to settle employment-based claims against J.P. Morgan Securities LLC and affiliated individuals and entities (the "Releasees").[2] *Id.* ¶ 1.

The Agreement contains several relevant provisions. First, the General Release provides that Plaintiff "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* ¶ 4. The General Release states that it "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* Second, the Class and Collective Action Waiver states that Plaintiff "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* ¶ 11. Finally, in a separate paragraph, the Promise Not to Sue provides that Plaintiff "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.* ¶ 13. The Promise Not to Sue further states, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *Id.*

On March 14, 2025, Plaintiff filed this suit alleging breaches of the fiduciary duties of prudence and monitoring under ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2). Compl. ¶¶ 95-108. In short, Plaintiff alleges that Defendants failed to exercise due care by investing in the "underperforming" JPMorgan Stable Value Fund instead of other, comparable stable value funds existing on the market. *Id.* ¶¶ 15-17, 19-20. Plaintiff brings this action on behalf of a putative class of Plan beneficiaries. *Id.* ¶ 46. Alternatively, Plaintiff pleads the same claims derivatively on behalf of the Plan. *Id.* ¶ 45 n.6.

On June 2, 2025, Defendants moved to dismiss, arguing that Plaintiff lacked standing and failed to state a claim. Plaintiff opposes the motion, ECF No. 29 ("Opp."), which is now fully briefed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations

---

[1] Plaintiff acknowledges the validity of the Agreement. ECF No. 37.

[2] The Releasees include, *inter alia*, JPMorgan Chase & Co.; its affiliates and subsidiaries; present and former directors and officers, agents, and representatives; and employee benefit plans and programs, along with their administrators and fiduciaries. Agreement ¶ 1.

of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Here, Defendant brings a factual attack, MTD 15, so the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The plaintiff bears the burden of proving that jurisdiction exists. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

### III. PLAINTIFF LACKS ARTICLE III STANDING

As a threshold matter, the Court must determine whether the Agreement bars Plaintiff from bringing breach-of-fiduciary-duty claims under ERISA. It does.

The "court has jurisdiction only if the claims before it are not moot." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 297, 303 (3d Cir. 2016). A settlement agreement "moots an action." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992); *see also Romero v. Allstate Ins. Co.*, 344 F. App'x 785, 793 (3d Cir. 2009) (concluding that a valid release would bar an ERISA claim based on breach of fiduciary duty); *Circelli v. United States*, No. CV 17-5269-SDW-LDW, 2018 WL 3000334, at *3 (D.N.J. June 14, 2018) (finding lack of subject-matter jurisdiction where Plaintiff accepted a settlement with a release of claims). Accordingly, "when claims of the named plaintiffs become moot before class certification, dismissal of the action is required." *Lusardi*, 975 F.2d at 974. When interpreting the Agreement, the Court applies federal law that "includes the general contract principle that 'an unambiguous agreement should be enforced according to its terms.'" *Calvitti v. Anthony & Sylvan Pools Corp.*, 351 F. App'x 651, 654 (3d Cir. 2009) (quoting *McDowell v. Phila. Housing Auth.*, 423 F.3d 233, 238 (3d Cir. 2005)).

Here, the Agreement includes an unambiguous covenant in which Plaintiff promised not to sue Defendants under ERISA. Plaintiff "███████████████████████████████████████████████████" which encompasses ███████████████████ Agreement ¶¶ 4, 13. In effect, Plaintiff promised not to bring the instant ERISA claims, mooting this case. *See Esquivel v. Whataburger Rests. LLC*, No. SA-24-CV-00310-XR, 2024 U.S. Dist. LEXIS 205243, at *16-18 (W.D. Tex. Nov. 8, 2024), *appeal filed*, No. 24-50976 (5th Cir. Dec. 10, 2024) (concluding that identical "Promise Not to Sue" language was "clear and unambiguous" and "encompasses the claims asserted in the Plaintiff's lawsuit"). Separately, Plaintiff "████████████████████████" to "█████████████████████████████████████████████████████████" Agreement ¶ 11. Since this class action is a "███████████████" in which Releasees are defendants, the Agreement also bars Plaintiff from "████████████" this putative class. *Id.*

Plaintiff raises several arguments as to why the Agreement does not moot his claims. First, Plaintiff argues that the Promise Not to Sue and Class and Collective Action Waiver provisions are unenforceable. Opp. 10-11. Next, Plaintiff contends that the Agreement

3

lacks a covenant not to sue distinct from the general release that Defendants concede is unenforceable. *Id.* at 11-12; MTD 15 ("Defendants acknowledge . . . that an ERISA plan participant cannot release on behalf of an ERISA plan the plan's Section 502(a)(2) breach of fiduciary duty claim."). Finally, Plaintiff suggests that the Agreement contains several applicable exceptions. Opp. 12-16. The Court addresses each argument in turn.

### A. The Promise Not to Sue Is Enforceable

Plaintiff argues that *Henry ex rel. BSC Ventures Holdings, Inc. Employee Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499 (3d Cir. 2023), renders the Promise Not to Sue and Class and Collective Action Waiver unenforceable because those provisions waive rights created by statute. Opp. 10-11. The Court concludes that *Henry* is inapposite. There, the Third Circuit voided a class action waiver clause of an arbitration provision in a plan document because it "purports to prohibit statutorily authorized remedies." 72 F.4th at 507. By contrast, this case involves a covenant not to sue and a class action waiver in a separate settlement agreement, not a plan document. Such individual settlement agreements that waive ERISA claims are enforceable because they "merely settle[] an individual dispute without altering a fiduciary's statutory duties and responsibilities." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 593 (3d Cir. 2009); *see also Miller v. Campbell Soup Co. Ret. & Pension Plan Admin. Comm.*, No. CV1911397RBKEAP, 2022 WL 17555302, at *5 (D.N.J. Dec. 9, 2022) (rejecting the argument that "a release cannot be used to bar ERISA claims"). Because the Agreement is an individual settlement agreement in which Plaintiff promised not to bring ERISA claims against Defendants, either individually or as a participant in a multi-party action, the Court is bound by *Schering Plough*, not *Henry*. Plaintiff's first argument fails.

### B. The Promise Not to Sue Is Distinct from the General Release

Plaintiff argues that the Agreement lacks a covenant not to sue, analogizing to *Waldner v. Natixis Inv. Managers, L.P.*, 2023 WL 3466272, at *17 (D. Mass. Mar. 24, 2023). In *Waldner*, the purported covenant not to sue was "in the same numbered section of the document," so the court concluded that there was "nothing to suggest an intent to create any covenant not to sue that would be distinct from the release provision." *Id.* Not so here. In the Agreement, the Promise Not to Sue is in Paragraph 13, while the release provision is in Paragraph 4. Furthermore, Paragraph 13 explains that the Promise Not to Sue is "███████████████" Agreement ¶ 13. Rather than restating all the "███████████████" again in Paragraph 13, the Agreement merely reincorporates those reasons by reference. *Id.* Plaintiff's second argument also fails.

### C. The Agreement's Exceptions Do Not Apply

Plaintiff argues that his Plan account falls under several exceptions in the Agreement for personal or business accounts, for payment of vested benefits under the terms of a plan, and for claims accruing after the execution date, January 19, 2025. Opp. 13-16. No exception applies.

4

To begin, Plaintiff fails to explain how his Plan account is a "███████████" within the meaning of the Agreement, which includes illustrative examples of "███████████." Agreement ¶ 4(vi). To the extent Plaintiff's claims were brought "on behalf of the Plan," Compl. ¶¶ 1, 26, the Plan is not one of Plaintiff's "███████████" Agreement ¶ 4(vi). If Plaintiff's Plan account were a "███████████," the portion of the Agreement encompassing ERISA claims, Paragraph 4, would be superfluous, an interpretation the Court rejects. *See Sloan & Co. v. Liberty Mut. Ins. Co.*, 653 F.3d 175, 181 (3d Cir. 2011) ("[C]ourts should not interpret contracts in a way that renders at least one clause superfluous or meaningless." (citation modified)).

Additionally, as pleaded, Plaintiff's breach-of-fiduciary-duty claims do not arise under the "███████████" but instead arise due to the conduct of the fiduciary. Agreement ¶ 4(iii); Compl. ¶¶ 53-94; *see Stanley v. Geo. Wash. Univ.*, 394 F. Supp. 3d 97, 108-10 & n.11 (D.D.C. 2019) (interpreting a similar exception in light of ERISA's statutory context to not apply to claims under ERISA § 502(a)(2) involving breaches of fiduciary duty). Plaintiff's cases purportedly to the contrary support the general validity of his theory of liability, *not* whether this Promise to Sue bars these breach-of-fiduciary-duty claims. *See* Opp. 13-15.

Finally, Plaintiff also fails to explain how his claims "███████████" *Id.* at 12-15; Agreement ¶ 4(i). The Complaint lacks a single allegation of conduct occurring after January 19, 2025. *See Esquivel*, 2024 U.S. Dist. LEXIS 205243, at *19 (noting that Plaintiff's "causes of action arose during [Plaintiff's] participation in the plan and so must have occurred and existed prior to the effective date of the Promise Not to Sue").

## IV. CONCLUSION

By signing the Agreement, Plaintiff promised not to sue Defendants or join a class action lawsuit, thereby "contract[ing] away his right to bring those claims on behalf of the Plan." *Id.* His claims are therefore moot, and he lacks Article III standing. His case must be dismissed. An appropriate order follows.

DATE: August 26, 2025

WILLIAM J. MARTINI, U.S.D.J.